UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

S.W., <u>et</u> <u>al.</u>,

                Plaintiffs,        <u>ORDER</u>

      - against -          CV 2009-1777 (ENV)(MDG)

CITY OF NEW YORK, <u>et</u> <u>al.</u>,

                Defendants.

- - - - - - - - - - - - - - - - - -X


This order summarizes and further explains rulings made on
the record during a conference held on November 5, 2010 with
respect to plaintiffs' motion pursuant to Rule 32(a)(8) of the
Federal Rules of Civil Procedure.[1]  The motion was also discussed
at a conference on October 6, 2010 at which this Court required
plaintiffs to provide more specific designations of deposition
excerpts.  In their motion, plaintiffs seek to be able to use
deposition testimony of City witnesses and State witnesses taken
in <u>Marisol A. v. Guiliani</u>, 95 Civ. 10533 (S.D.N.Y.), as if taken
in this litigation.  Plaintiffs intend to use any testimony
allowed against only the Administration for Children's Services

---

[1] The City defendants have apparently already served an
objection to the rulings made, prior to docketing of the minute
entry for the ruling and before preparation of the transcript.
The defendants are given leave to supplement their objection to
this order by December 2, 2010.  Fed. R. Civ. P. 72(a)
(objections must be filed within 14 days after being served with
a copy of the order).

("ACS") and the City of New York (collectively, the "City defendants").

Rule 32(a)(8) provides that a deposition "may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action." The purpose of the rule is to "avoid a needless waste of time, money and effort and to expedite the litigation." Baldin-Montrose Chem. Co. v. Rothberg, 37 F.R.D. 354, 356 (S.D.N.Y. 1964).

As a preliminary matter, I address the City defendants' argument that I lack jurisdiction to address the motion which they characterize as one involving evidentiary rulings. However, plaintiffs do not seek rulings on the admissibility of the deposition testimony. Rather, they seek a ruling permitting use of the testimony to the same extent as if the depositions had been taken in this action. Thus, the motion is properly treated as a matter within my pretrial reference authority because any ruling will impact the number of depositions that would be needed to be taken in this case.[2] Any ruling pursuant to Rule 32(a)(8) would

---

[2] In their objection, the City defendants inexplicably continue to cite Forbes v. 21st Century Ins. Co., 258 F.R.D. 335 (D. Ariz. 2009) for the proposition that "[a] dispute over the ability to designate depositions from prior litigation for use at trial as if taken in the subject litigation is not a 'discovery dispute.'" See ct. doc. 204 at 2. In fact, as the plaintiffs noted in their reply papers on the underlying motion, the court stated "[t]he parties' dispute over the admissibility of [depositions from earlier actions] is not a discovery dispute." Forbes, 258 F.R.D. at 337 (emphasis added).

not include any determination of admissibility in terms of whether the testimony is relevant, hearsay or whether its probative value is outweighed by undue prejudice.  <u>See</u> <u>Pesterfield v. Sunbeam Corp.</u>, 2005 WL 1076293, at *3 (E.D. Tenn. 2005); <u>Clay v. Buzas</u>, 208 F.R.D. 636 (D. Utah 2002).  Those matters would still have to be resolved closer to or at trial.

Even if this order were viewed as evidentiary in nature, <u>in limine</u> rulings may sometimes be within the pretrial reference authority of magistrate judges "even though they may ultimately affect the outcome of a claim or defense, [since they are] non-dispositive orders," as this and other courts have recognized. <u>Hassan v. Maersk Lines, Ltd.</u>, No. CV 2003-5443 (DLI)(MDG), 2005 WL 5712849 at *1 (E.D.N.Y.  Apr. 15, 2005) (quoting <u>Lithuanian Commerce Corporation Ltd. v. Sara Lee Hosiery</u>, 177 F.R.D. 205, 456 (D.N.J. 1997)).  In <u>Hassan</u>, this Court ruled on whether statements taken of six employees of the defendant within the scope of their employment fell within the hearsay exception of Fed. R. Evid. 801(d)(2)(D), a ruling affecting whether additional depositions needed to be taken.  Clearly, many other discovery rulings, particularly ones regarding the scope and time of discovery may also affect evidentiary matters at trial.

In determining motions brought under Rule 32(a)(8), courts have focused on the question whether the issues in the case are sufficiently similar that the party in the prior action had the same motive and interest in the deposition as in the later action.

<u>See</u> <u>Rule v. Int'l Ass'n of Bridge, Structural and Ornamental</u>
<u>Ironworkers</u>, 568 F.2d 558, 568-69 (8th Cir. 1977); <u>Hertz v.</u>
<u>Graham</u>, 23 F.R.D. 17, 20 (S.D.N.Y. 1958).  These considerations
reflect the concern that a litigant against whom prior deposition
testimony may be used had fair notice in the prior litigation.
Ultimately, the consideration of fairness should be evaluated in
light of whether a party will have a fair opportunity to address
or challenge any deposition testimony at trial.

As this Court noted at the conference on November 5, 2010,
there is substantial overlap in the subject matter for which the
deposition testimony may be relevant in this case and the subject
matter at issue in <u>Marisol</u>.  In both actions, plaintiffs alleged,
<u>inter</u> <u>alia</u>, that the City provided for inadequate screening of
foster parents; inadequate home visits; inadequate background
checks; inadequate management of case records; inadequate training
and supervision of caseworkers; excessive caseloads; high turnover
of caseworkers; and that the City knew about and deliberately
disregarded these widespread failures.  Further, in both actions,
plaintiffs alleged that these systemic problems deprived them of
their constitutional rights.

In addition, the City was a party to the <u>Marisol</u> case and had
the same incentive as it would have in this case to cross-examine
the State's witnesses and develop a record with its own witnesses
on issues involving systemic problems with the City's foster care
system.  That plaintiffs in this case seek money damages rather

-4-

than the injunctive relief requested in Marisol does not affect
the City's corresponding interest in disproving the claims
asserted in each action.  Regardless of whether some of the
plaintiffs in this case were members of the class in Marisol, more
significant is the fact that the City is the same party and  had
the same interest in the prior action.  In Rule v. Int'l Assoc. Of
Bridge, Structural and Ornamental Ironworkers, the prior suit was
brought by the Department of Justice alleging discriminatory
practices against the union.  The later suit was brought by
individual workers against the union for racial discrimination.
There, the Eighth Circuit found that "the ultimate issue in both
the Government's case and the instant case is whether defendants
have engaged in racially discriminatory employment practices.
Defendants had the same interest in disproving that claim in the
prior suit as in the present one."  568 F.2d at 569; see also Clay
v. Buzas, 208 F.R.D. 636 (D. Utah 2002) (permitting plaintiff to
use depositions of other employees taken in prior sexual
harassment suit brought by different plaintiff against same
employer).

    Arguing that the overlap in the issues is the result of the
plaintiffs' generous copying of allegations in the Marisol
complaint, the City defendants contend that Marisol is different
because it involved broader challenges to the City's foster care
system.  However, Rule 32(a)(8) speaks to "involving the same
subject matter," not identity of claims.  In any event, the claims

of the plaintiffs against the City defendants in this action clearly are dependent upon proof that many of the systemic problems raised in _Marisol_ resulted in placement of the plaintiffs with Judith Leekin, a foster parent who abused them with inadequate subsequent monitoring by the defendants.

On the other hand, the City defendants also argue that no issues of false identities, false documentation and outright fraud were implicated in _Marisol_.  These are defenses that the City defendants apparently will raise in this action to explain why so many plaintiffs were placed with Ms. Leekin.  In this regard, if the City defendants intend to support these defenses with evidence that they acted properly or that any system in place would not have prevented Ms. Leekin from acting as she did, the City defendants will necessarily have to present witnesses with knowledge of what was in place.  The ability of the City defendants to present such defenses at trial would not be affected by any ruling regarding _Marisol_ deposition testimony.  Thus, whether or not there are specific issues in this case that were not raised in _Marisol_, does not change the substantial overlap in the issues raised in both litigations.  Nor are the plaintiffs required to prove by evidentiary showing, at this juncture, a causal link between their injuries and the systemic problems in the City's foster care/adoption oversight.

The City defendants also object to the relevance of the testimony -- challenges which go to admissibility rather than use

of the deposition testimony and which may be raised later in this case prior to trial. As to the City defendants' claims that the deposition excerpts selected by the plaintiffs are taken out of context, the City is granted leave to designate its own portions of the testimony.

In any event, as I noted at an earlier conference, the depositions at issue are of governmental employees, most of whom occupy higher positions of responsibility. In the designated portions of the transcripts, the witnesses primarily testified about governmental reports, policies and procedures. This Court assumes and would expect that such witnesses would not give testimony which would conflict with testimony of other governmental witnesses regarding the same subject matter. In fact, in other cases before me involving claims regarding the conduct of ACS with respect to foster children, counsel for the City defendants have agreed to use of depositions taken in prior cases. Irrespective of the fact there is a greater lapse in time here between the <u>Marisol</u> depositions and this action than the gap between the prior depositions and the other cases mentioned, if the City defendants' supplementation of the information in any <u>Marisol</u> deposition is appropriate, it would have the right, like any other governmental entity, to present either the same employee, if available, or another employee in a comparable position. <u>Cf</u>. Fed. R. Civ. P. 25(d) (automatic substitution of public officers upon death or separation from office).

This Court recognizes that the City of New York may not have the same ease in obtaining witnesses to explain the testimony by State employees made in Marisol. But, the City defendants have not given any reason why they would not be able to do so, if further explication is necessary. Notably, this Court directed plaintiffs to make more specific designations as to the depositions of State employees so that defendants will have notice of the matters plaintiffs intend to present at trial from those depositions. However, the City defendants have not pointed out that they would be hampered in their ability to challenge the designated deposition testimony of any State witness. While the City defendants may arguably have had less incentive to examine an employee of the co-defendant State of New York at the time of the Marisol litigation, that is the sort of tactical decision frequently made in an action. Certainly, even before the time of the Marisol depositions, there had already been much public outcry regarding the inadequacies of New York City's foster care system. It is hard to imagine that counsel for the City of New York would not have been cognizant of the possibility that subsequent lawsuits would later be brought by representatives of foster children, many of whom were very young when placed.

Finally, as this Court noted, although the plaintiffs have stated that they do not seek to use the Marisol depositions against the social service agency defendants, none of whom were involved in the prior litigation, limiting instructions may be

appropriate should any of the testimony be introduced. This is a concern that can also be later addressed. Although the agency defendants initially objected to plaintiffs' motion, <u>see</u> ct. doc. 201, they have not responded since the plaintiffs specifically designated those portions of depositions they seek to use as if taken in this case, let alone identified any of the deposition testimony that would cause them prejudice. In any event, the one case cited by the agency defendants where the court doubted the adequacy of limiting instructions concerned a wrongful death action against an airline and the manufacturer of the aircraft that involved "highly technical proof." <u>See</u> <u>First Nat'l Bank in Greenwich v. Nat'l Airlines</u>, 22 F.R.D. 46, 48 (S.D.N.Y. 1958). In contrast, here, the roles of the City defendants and the agency defendants are different and separable.

**SO ORDERED.**

Dated:      Brooklyn, New York
            November 18, 2010

                                    _____/s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE