UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

S.W., et al.,

           Plaintiffs,        ORDER

      - against -         CV 2009-1777 (ENV)(MDG)

CITY OF NEW YORK, et al.,

           Defendants.

- - - - - - - - - - - - - - - - - -X

Defendants City of New York and the Administration for Children's Services (the "City Defendants") move to compel production of three documents withheld by plaintiffs under the attorney work product doctrine. Ct. doc. 242. Two of the documents are described in plaintiffs' privilege log as "resource indexes of NYC Systemic documents" prepared by Carolyn Kubitschek, Esq. "in anticipation of other litigation and disclosed to Plaintiffs' Counsel pre-suit with an understanding that the privilege would be maintained." Id., Exh. A. The third document is a deposition transcript from an unrelated litigation that was redacted pursuant to a confidentiality order issued in that litigation.

## DISCUSSION

Federal Rule of Civil Procedure 26(b)(3), which embodies the federal work product doctrine, provides qualified protection to "documents and tangible things . . . prepared in anticipation of

litigation or for trial" from discovery.  Fed. R. Civ. P. 26(b)(3); see Hickman v. Taylor, 329 U.S. 495, 511 (1947); Constr. Prods., 73 F.3d 464, 473 (2d Cir. 1996).  Work product includes notes, memoranda, witness interviews, and other materials whether they are created by an attorney or by an agent for the attorney. U.S. v. Nobles, 422 U.S. 225, 238-39 (1975); Hickman, 329 U.S. at 510-11.  Documents prepared in anticipation of litigation are those that, "in light of the nature of the document and the factual situation in the particular case . . . can fairly be said to have been prepared or obtained because of the prospect of litigation."  U.S. v. Adlman, 134 F.3d 1194, 1202 (2d Cir. 1998).

"[O]pinion work product reveals the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative, and is entitled to greater protection than fact work product."  Constr. Prods., 73 F.3d at 473.  If a party seeks disclosure of protected documents, the party must demonstrate a "substantial need" for fact work product and a "highly persuasive showing of" need for opinion work product.  See In re Grand Jury, 219 F.3d 175, 190-91 (2d Cir. 2000).

The City defendants do not contest that the two "resource indexes" were created in anticipation of litigation, but argue that the documents are not protectible as work product because they were created by a person with no relation to plaintiffs' counsel.  Ct. doc. 242 at 2.  Plaintiffs explain that they retained Ms. Kubitschek as a consultant prior to commencement of

this action, a fact that the City defendants may have discovered had they conferred in good faith with plaintiffs prior to filing the motion.  Clearly, work product protection extends to documents "prepared in anticipation of litigation or for trial by or for another party or its representative (including . . . [a] consultant . . .)."  Fed. R. Civ. P. 26(b)(3)(A); see Nobles, 422 U.S. at 238-39.  Moreover, work product materials retain their immunity from discovery after termination of a litigation and are not "routinely" available in subsequent litigation.  FTC v. Grolier, Inc., 462 U.S. 19, 27 (1983) (discussing work product in the context of exemption 5 of F.O.I.A.); In re Omeprazole Patent Litig., 2005 WL 818821, at *8-*9 (S.D.N.Y. 2005).  Absent a showing of need, work product materials may not be disclosed even if previously ordered disclosed in a prior litigation.  Grolier, 462 U.S. at 27.

   Even though the documents at issue here were originally created for a third-party, the policies underlying the work product doctrine articulated in Hickman are no less applicable to ensure that attorneys are not inhibited from putting their thoughts down in writing for fear that they will be revealed at some later date.  See Hickman, 329 U.S. at 510-11; see also Crosby v. City of New York, 269 F.R.D. 267, 277 (S.D.N.Y. 2010) (recognizing that the "Hickman doctrine" may protect against disclosure of documents where Rule 26(b)(3) does not by its express terms); 8 Charles Alan Wright & Arthur R. Miller, Federal

Practice & Procedure § 2024, at 523-24 (3d ed. 2010) (addressing documents prepared for one who is not a party to the present suit). As the City defendants acknowledge, Ms. Kubitscheck regularly litigates § 1983 actions against the City of New York.

Critically, plaintiffs' counsel utilized the two indexes at issue to select documents for use in this case and have produced to defendants all documents provided by Ms. Kubitschek. See ct. doc. 243 at 2. Thus, the indexes not only constituted work product created by Ms. Kubitchek in connection with prior lawsuits, their disclosure would reveal the thought processes of plaintiffs' counsel. Gould, Inc. v. Mitsui Mining & Smelting Co., 825 F.2d 676 (2d Cir. 1987) ("where a request is made for documents already in possession of the requesting party, with the goal of learning what the opposing attorney's thinking or strategy may be, even third-party documents may be protected"). Having received the underlying documents, the City defendants have not shown a substantial need for the indexes.

As to the redacted deposition transcript, plaintiffs state that they do not possess an unredacted copy. As they explain, they promptly destroyed an unredacted copy after being apprised that the complete transcript was mistakenly produced in contravention of a confidentiality order issued in the other case. Moreover, since the deposition was taken in a case where the City of New York was a party, the City presumably has access to the undisclosed portion of the transcript. Therefore, the unredacted

transcript need not be produced.

## CONCLUSION

For the foregoing reasons, the City defendants' motion to compel is denied.

**SO ORDERED.**

Dated:   Brooklyn, New York
         December 15, 2010

                                              /s/
                                              MARILYN D. GO
                                              UNITED STATES MAGISTRATE JUDGE