UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

S.W., et al.,

        Plaintiffs,        <u>ORDER</u>

    - against -        CV 2009-1777 (ENV)(MDG)

CITY OF NEW YORK, et al.,

        Defendants.

- - - - - - - - - - - - - - - - - -X

Plaintiffs have moved for an order permitting Stuart LeBlanc, a former employee of the Social Security Administration ("SSA"), to testify as an expert. Ct. doc. 286. As plaintiffs concede, they failed to disclose Mr. LeBlanc as an expert witness by the August 16, 2010 deadline previously set. Nor did they serve a report by the December 3, 2010 deadline for liability expert reports. Plaintiffs argue that they could not have identified the witness earlier and that defendants will not be prejudiced by the late disclosure.

## **<u>DISCUSSION</u>**

Courts considering whether to permit testimony by a witness belatedly disclosed by a party must determine whether "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The imposition of sanctions is discretionary and district courts have generally not ordered preclusion of expert witnesses even where the failure to disclose is neither

"justifi[ed]" nor "harmless."  See Design Strategy, Inc. v. Davis, 469 F.3d 284, 297-98 (2d Cir. 2006); Northington v. Gospel Volunteers, Inc., No. 04 CIV 7589, 2007 WL 1175292, at *1 (S.D.N.Y. Apr. 18, 2007); Atkins v. County of Orange, 372 F. Supp. 2d 377, 396 (S.D.N.Y. 2005) (citing cases); Potter v. Phillips, No. CV 03-4942, 2004 WL 3250122, at *2 (E.D.N.Y. Mar. 28, 2004) ("the imposition of sanctions under this rule is discretionary, and preclusion is ordered only rarely").

Plaintiffs seek to add Mr. LeBlanc, who was a supervisor in a section of the SSA dealing with the verification of social security numbers, as an expert on whether the SSA would have assisted the City and its agencies in checking the names against the Social Security numbers provided by Ms. Leekin.  Defendants have argued that they could not have conducted the cross-check suggested by plaintiffs during the time period when the children were fostered and ultimately adopted.  Plaintiffs contend that had the defendants checked with the SSA the false names against the false Social Security numbers used by defendant Leekin, they would have detected that the names and numbers did not match and would not have certified Ms. Leekin as a foster parent for the ten plaintiffs.

Although plaintiffs claim that much of Mr. LeBlanc's testimony is factual, this court will analyze the instant dispute under the factors set forth in Softel, Inc. v. Dragon Med. & Scientific Comm., Inc., 118 F.3d 955 (2d Cir. 1997), for

determining whether to preclude expert testimony not timely disclosed. These factors are: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, 118 F.3d at 961 (citing Outley v. City of New York, 837 F.2d 587, 590-91 (2d Cir. 1988)); see also Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2004).

Plaintiffs' counsel assert that they attempted to obtain an expert report on this subject before the August 16, 2010 deadline, but were told by representatives of the SSA that the agency has a policy prohibiting current employees from testifying in court. Although the plaintiffs had located Mr. LeBlanc prior to the deadline, he would not give testimony on this subject unless the SSA took an official position on the question. On March 20, 2011, Mr. LeBlanc agreed to testify after reviewing letters plaintiff's counsel obtained from the SSA stating that the SSA would have provided information to a state or local foster care/child services agency if it had been provided the proper written consent from a prospective foster parent.

The City argues that since plaintiffs were advised by the SSA as to the procedures to follow to obtain testimony from a representative of the agency, they could have availed themselves of those procedures within the discovery deadline. The plaintiffs

respond that they were repeatedly advised by SSA employees that SSA policy was such that SSA employees could not testify as to policy. However valid this advice, plaintiffs nonetheless should have followed the SSA procedures much earlier in this litigation, particularly given the stated importance of the information they seek to have Mr. LeBlanc provide. Their failure to abide by the applicable regulations is mentioned in the February 16, 2011 letter from Jeremy Linden, Assistant Regional Counsel of the SSA, to Senator Bill Nelson. See ct. doc. 286-1 at 3. While this Court recognizes that the letter resulted from unusual extra-judicial efforts on the part of plaintiffs' counsel, we are left to speculate whether the SSA would have chosen to ignore its own regulations had plaintiff made formal discovery requests in accordance with the applicable regulations set forth in 20 C.F.R. Part 403.

Thus, this Court finds that the plaintiffs' explanation for their delay in retaining an expert to be a factor against extension, even though Mr. LeBlanc only recently agreed to testify. A related issue on the applicability of the regulations in Part 403, is the question whether Mr. LeBlanc is subject to the requirement in 20 C.F.R. § 403.100 that he obtain prior authorization by the Commissioner of the SSA before giving his testimony. After review of the affidavit of Mr. LeBlanc and his description of his proposed testimony and his duties when he worked at the SSA, I find that he does not need approval by the

SSA to testify. His proposed testimony neither pertains to a matter "in which he ... was personally involved while at SSA" nor involves "official [,] sensitive or confidential information" that he acquired while working. See 20 C.F.R. § 403.110(b)(3); cf. Gulf Group General Enters. Co. W.L.L. v. U.S., --- Fed. Cl. ---, 2011 WL 1663608, at *5-*6 (Fed. Cl. 2011) (permitting retired Army officer to testify as expert).

The second factor weighs in favor of the plaintiffs. Plaintiffs allege that "[t]hroughout the licensing process for foster care and the subsequent adoptions of Plaintiffs over the course of at least 12 years, Leekin repeatedly provided Defendants with false information as to the most basic facts [including her identity and social security number], which were facts that all Defendants had an unquestionable duty to verify and failed to do so in gross disregard of Plaintiffs' constitutional rights." Complaint at ¶ 61. The City admits that "Ms. Leekin used fraudulent identifications and social security numbers in perpetuation of her scheme . . . ." City's Answer at ¶ 59. Attempting to minimize the significance of Ms. Leekins's use of false Social Security numbers, the City defendants argue that plaintiffs have not shown "what policy, practice or custom was deficient, why it was deficient under the circumstances, or how such alleged deficiencies were the moving force behind the victimization of the plaintiffs at the hands of a fraud artist like Ms. Leekin." Ct. doc. 287 at 4. Clearly, testimony as to

whether social services agencies could have verified social security numbers during the relevant time period is important to proving deficiencies in the City's policies, practices and customs.

Finally, prejudice to the defendants is minimal since there is sufficient time to allow defendant's expert to supplement his report and for defendants to depose Mr. LeBlanc. The deadline for plaintiffs' rebuttal expert reports is June 16, 2011, expert depositions must be completed by August 31, 2011 and no trial date has been set. See Northington, 2007 WL 1175292, at *1; Cartier, Inc. v. Four Star Jewelry Creations, Inc., 01 Civ. 11295, 2003 U.S. Dist. LEXIS 19417, at *4-*5 (S.D.N.Y. Oct. 31, 2003). Although plaintiff's disclosure of its expert is well past the deadline set, there is ample time before trial and submission of the motion for summary judgment to cure any prejudice defendants would otherwise suffer. Cf. Patterson, 440 F.3d at 118 (affirming district court's preclusion of witness testimony disclosed ten days before trial); Fed. R. Civ. P. 26(b)(2)(C) ("Absent a stipulation or a court order, the disclosures [of expert testimony] must be made at least 90 days before the date set for trial or for the case to be ready for trial . . .").

Therefore, having considered the relevant factors, I decline to order preclusion of plaintiffs' expert's testimony. Nevertheless, to the extent that the extension granted causes defendants to incur significant incidental expenses, plaintiffs

are ordered to pay those reasonable costs incurred upon presentation of appropriate proof.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to permit Mr. LeBlanc's testimony is granted, but plaintiff must pay any significant incidental costs occasioned by the expedited schedule. The expert discovery schedule is modified to permit plaintiffs to serve Mr. LeBlanc's report by June 21, 2011 and for defendants to supplement their expert reports by July 21, 2011.

**SO ORDERED.**

Dated:     Brooklyn, New York
            June 3, 2011

                                        /s/
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE