UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
S.W., et al.,

                                    Plaintiffs,

      -against-                                 **MEMORANDUM & ORDER**

THE CITY OF NEW YORK, et al.,                09-CV-1777 (ENV)(MDG)

                                   Defendants.

---------------------------------------------------------------- x

**VITALIANO, D.J.**

On November 18, 2010, Magistrate Judge Go issued a written order, further to an oral ruling made on November 5, 2010, that granted plaintiffs' motion pursuant to Federal Rule of Civil Procedure 32(a)(8), seeking to use deposition testimony taken in Marisol A. v. Guiliani, 95-cv-10533 (S.D.N.Y.), as if taken in this litigation. Before reaching the merits of plaintiffs' motion, Magistrate Judge Go addressed defendants' argument that she lacked jurisdiction over the motion. Noting that plaintiffs had not sought a ruling on the admissibility of the testimony at trial, but rather a ruling pertaining only to the need to take additional pretrial depositions, Judge Go held that, as a pretrial matter, the motion properly fell under her referred authority pursuant to Local Rule 72. Judge Go then granted plaintiffs' motion to permit the use of certain deposition testimony of city and state witnesses taken in Marisol because the issues in Marisol and this case were sufficiently similar.

Defendants now challenge Judge Go's oral and written orders, pursuant to Federal Rule of Civil Procedure 72. They argue (1) that the ruling is outside the scope of Judge Go's authority; (2) that the ruling is dispositive and should be reviewed *de novo*; and (3) that the ruling is erroneous on the merits. All three arguments are unavailing.

1

First, Judge Go's written and oral orders were well within the scope of her authority to rule on pretrial matters. Under Federal Rule of Civil Procedure 72(a), a district court may designate a magistrate judge to hear and decide pretrial matters that are not dispositive of a party's claim or defense. See also 28 U.S.C. § 636(b)(1)(A). Defendants charge that Judge Go went beyond such authority because she made an evidentiary ruling regarding the Marisol depositions' admissibility at trial; a matter properly left to the district court.

Defendants misconstrue Judge Go's ruling. Her written and oral orders both make explicit that they do not make any ruling with respect to the Marisol depositions' admissibility at trial. S.W. v. City of New York, No. CV 2009-1777(ENV)(MDG), 2010 WL 4791712, at *1 (E.D.N.Y. Nov. 18, 2010); Tr. at 6:21-25, 7:1-16, Nov. 5, 2010. The effect of the ruling is simply to allow plaintiffs to avoid retaking the depositions of certain governmental witnesses by allowing the Marisol depositions to be used against the City and the Administration for Children's Services ("ACS") as if taken in this litigation. Treating a deposition as if it had been taken in this action is not tantamount to ruling it is admissible at trial. Indeed, depositions taken during discovery in general are not automatically admissible at trial; they are admissible only when allowed by both Rule 32(a) and the Federal Rules of Evidence. Wright & Miller, Federal Practice and Procedure, § 2142 (3d ed. 2011) (stating that in order to use a deposition at a trial or hearing, "[f]irst, the conditions set forth in Rule 32(a) must be satisfied before the deposition can be used at all. Second, when it is found that these conditions authorize the use of the deposition, it must be determined whether the matters contained in it are admissible under the rules of evidence.") Defendants are in no way precluded by Judge Go's ruling from objecting to the admissibility of the Marisol depositions at trial, just as they may object to the admissibility of any other depositions taken in this litigation, or for that matter any other testimony the plaintiffs

seek to introduce. See Fed. R. Civ. P. 32(b) (". . . an objection may be made at a hearing or trial to the admission of any deposition testimony that would be inadmissible if the witness were present and testifying."); Pesterfield v. Sunbeam Corp., No. 3:00CV104, 2005 WL 1076293, at *3 (E.D. Tenn. May 6, 2005) (allowing the use of depositions pursuant to Rule 32(a)(8) but reserving questions of admissibility for trial). At one with these authorities and precedents, Judge Go's order was well within her authority over pretrial issues.

Underscored by its pretrial essence, Judge Go's order is also non-dispositive of any claim or defense on its face. Correspondingly, the order should only be set aside if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d. Cir. 2010) ("matters concerning discovery generally are considered non-dispositive of the litigation") (internal citation omitted). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Rathgaber v. Town of Oyster Bay, 492 F. Supp. 2d 130, 137 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002)). "A magistrate judge's findings may be considered clearly erroneous where on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." In re Comverse Tech., Inc. Derivative Litig., No. 06-CV-1849, 2006 WL 3511375, at *3 (E.D.N.Y. Dec. 5, 2006) (internal quotations omitted). "Furthermore, because this standard of review is 'highly deferential' and 'imposes a heavy burden on the objecting party,' magistrate judges are afforded broad discretion, and the law 'only permits reversal where the magistrate judge abused [her] discretion.'" Id. (quoting Mitchell v. Century 21 Rustic Realty, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002)).

Defendants dispute Judge Go's finding that S.W. is sufficiently similar to Marisol to

3

allow the Marisol depositions to be used as if taken in S.W. Defendants assign clear error to the decision, arguing that Marisol is too far removed from S.W. because it did not deal with issues of identity or identity verification in the foster care system, because it was a broader case than S.W., because plaintiffs in Marisol sought only an injunction, and because the State of New York was a defendant in Marisol but is not in S.W.

None of these differences are determinative, however, since the key question in deciding whether the depositions may be used is whether the cases are sufficiently similar such that the party-opponent in the prior case had "the same interest and motive" to cross-examine the deponent as the present opponent. Rivera v. American Export Lines, 13 F.R.D. 27, 28-29 (S.D.N.Y. 1952); Hertz v. Graham, 23 F.R.D. 17, 20 (S.D.N.Y. 1958). Here, the issues involved in both cases are substantially the same, and thus the City would have the same interest and motive in crossing the deponents as it had in Marisol. In both cases, plaintiffs brought substantive due process claims against the City based on allegations of pervasive problems in the foster care system caused by the City's acts and omissions. More specifically, in both cases the plaintiffs allege, inter alia, that the City's screening of foster parents, home visits, background checks, management of case records, and supervision of caseworkers were all inadequate, and that the City was aware of and deliberately disregarded each of these inadequacies. See S.W., 2010 WL 4791712, at *2. This roll call of systemic problems is the heart of both Marisol and this case. As a result, the City's motive in deposing witnesses would have been the same in both: to cross-examine the state witnesses and develop a record with its own witnesses demonstrating that its foster care system was not plagued by the problems alleged. Furthermore, and as explained in Judge Go's well-reasoned order, none of the differences between the two actions pointed to by defendants changes this essential fact and animating principle. See id. at *2-4.

Therefore, it is entirely appropriate to use the <u>Marisol</u> depositions as if taken in this action.

For the foregoing reasons, there is no merit to defendants' claim that Judge Go's order was dispositive of any claim, was beyond her referred authority, or was clearly erroneous or contrary to law.

Accordingly, defendants' objections are overruled and the order of Magistrate Judge Go is affirmed.

**SO ORDERED.**

Dated:   Brooklyn, New York
         March 25, 2012

                                             s/ ENV
                                             _____
                                             ERIC N. VITALIANO
                                             United States District Judge