UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

S.W., ET AL.,

                      Plaintiffs,

       -against-

CITY OF NEW YORK, ET AL.,

                      Defendants.

-------------------------------------------------------------------x

**MEMORANDUM & ORDER**

09-CV-1777(ENV)(MDG)

**VITALIANO, D.J.**

Plaintiffs, who were all classified as special needs children, bring this civil rights action pursuant to 42 U.S.C. § 1983 against the City of New York and one of its municipal agencies, the Administration for Children's Services (collectively, "the City"), and several foster care agencies to recover damages for the severe abuse they suffered at the hands of their foster mother. After extensive negotiations, all plaintiffs reached an agreement to settle their claims against the City. They now move for court approval of their proposed settlement.[1]

**i.  Plaintiffs' awards.**

This Court's Local Civil Rule 83.2(a) provides that any "action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the court." Moreover, "[t]he proceeding upon an application to

---

[1] At the commencement of this action, guardians appeared on behalf of five of the ten plaintiffs: Renee Marquis, as guardian of S.W., Patricia Baldwin, as guardian of S.B. and R.E., and Kevin Hendrickson as guardian of J.G. and L.J. Two of the five remaining plaintiffs were minors who appeared through their next of friends. All plaintiffs have moved for Court approval of the settlement. Since five of the ten plaintiffs are no longer minors and apparently are not incompetent so as to require guardians, there is no requirement that the Court approve their settlements. However, the proportion of each plaintiff's recovery is necessarily a factor in determining the fairness of the settlement to the incompetent plaintiffs.

1

settle or compromise such an action shall conform, as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement." *Id.* In considering such a motion, the Court must determine whether the amount of the settlement is fair, whether the distribution of the settlement proceeds will protect the interests of each plaintiff, and whether the attorneys' fees and costs sought are reasonable. *See Allstate Ins. Co. v. Williams*, No. 04-CV-4575(CLP), 2006 WL 2711538, at *1 (E.D.N.Y. Sept. 21, 2006); *Clemente v. Bd. of Educ. of the City of New York*, No. 02-CV-3963(CLP), 2005 WL 1594335, at *1 (E.D.N.Y. July 6, 2005); Local Civil Rule 83.2(a); N.Y. Jud. Law § 474; N.Y. C.P.L.R. § 1208. The Court may authorize payment of "reasonable attorney's fees . . . after due inquiry as to all charges against the fund." Local Civil Rule 83.2(a)(2); *accord* N.Y. Jud. Law § 474 (requiring any attorney representing an infant on a contingent basis to submit an application for court approval of compensation).

In determining whether a proposed settlement on behalf of an infant or incompetent plaintiff is "fair, reasonable and adequate," the Court compares "the terms of the compromise with the likely rewards of litigation." *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (internal quotations omitted). A strong presumption exists that a settlement is fair and reasonable where "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; and, (iii) there has been sufficient discovery to enable counsel to act intelligently." *Camac v. Long Beach City School Dist.*, No. 09-CV–5309(MLB)(GRB), 2012 WL 3277228, at *4 (E.D.N.Y. July 25, 2012). Moreover, "[p]roposed settlements which have been negotiated by the infant's natural guardian carry a presumption that they are fair and in the infant's best interests, and should therefore be afforded some level of deference." *De Alvarez v. City of New York*, No. 10-CV-4434(SJ)(LB), 2012 WL 2087761, at *1 (E.D.N.Y. May 16, 2012). *See also Parham v. J. R.*, 442

2

U.S. 584, 623 (1979) (reciting the general proposition of law that a "parent or guardian is presumed to be acting in [a] person's best interests").

The assigned magistrate judge in this action was directly involved in supervising the negotiations that resulted in the settlement agreement. The plaintiffs then sought approval from the Florida state court with jurisdiction over the five plaintiffs as wards of the state. The Honorable Dwight Geiger, Judge in the Circuit Court for St. Lucie County, Florida, Probate Division, held a hearing on November 26, 2012 at which the guardians were present and consented to the settlements. Since the Florida court has approved the agreement after a duly conducted hearing, the Court defers to Judge Geiger's determination as to the fairness of the settlement to the extent that it provides compensation to the plaintiffs. For this reason, and to expedite the process for the sake of those the plaintiffs who find themselves in financial hardship, this Court finds cause to dispense with any additional requirements that New York law may ordinarily impose with regard to the fairness of the plaintiffs' awards.

The Court has considered the documents submitted in support of this motion and finds that the best interests of the incapacitated plaintiffs will be served by the proposed settlement. As described in Docket Number 383, Exhibit 12 at page 35 (the "approved proportion"), the proposal is fair and reasonable in light of the injuries sustained and the procedural posture of this case. The Court is satisfied that the guardians, who have deemed the proposed agreement fair and reasonable, understand its terms as well as the risks and benefits of proceeding with litigation. Hence, the terms of the settlement regarding plaintiffs' awards are approved according to the orders below.

### ii. Attorneys' fees and costs.

Judge Geiger also approved payment of requested attorneys' fees and costs to plaintiffs' counsel. Under Local Civil Rule 83.2(a)(2), this Court has an obligation under the to determine

3

"a reasonable attorney's fee and proper disbursements" following "due inquiry after all charges against the fund." Generally, as a matter of public policy, courts "give particular scrutiny to fee arrangements between attorneys and clients." *King v. Fox*, 7 N.Y.3d 181, 191 (N.Y. 2006). Hence, we will consider the request for fees in more detail.

Section 474 of the New York Judiciary Law directs that the appropriate amount of attorneys' fees to be awarded in an infant compromise proceeding is the "'suitable compensation for the attorney for his service therein . . . on behalf of said infant.'" *Allstate*, 2006 WL 2711538, at *4 (quoting N.Y. Jud. Law § 474). Thus, "[a]ny agreement of the guardian is advisory only" and the amount of the attorney's fee is fixed by the court. *See Allstate*, 2006 WL 2711538, at *4 (quoting *Werner v. Levine*, 276 N.Y.S.2d 269, 271 (N.Y. Sup. Ct. 1967); N.Y. Jud. Law § 474. New York courts have long held that attorneys' fees amounting to one-third of the total recovery in an cases brought on behalf of infants or incompetents constitute "the usual and customary level," *Liss v. McCrory Stores Corp.*, 7 A.D.2d 738, 738 (N.Y. App. Div., 2d Dep't 1958), while fees in excess of one-third are unreasonable. *See, e.g., Scolavino v. State*, 74 N.Y.S.2d 573, 575 (N.Y. Ct. Cl. 1947) (asserting that attorney's fees in infant recovery cases "should not exceed approximately one-third of the recovery"). The same is true in New York courts more generally. *See, e.g., Application of New York Convention Ctr. Dev. Corp.*, 234 A.D.2d 167, 167 (N.Y. App. Div., 1st Dep't 1996) (referring to contingency fees of 33 1/3% the total recovery as "the standard").

Plaintiff's counsel here seeks attorneys' fees in the amount of 33 1/3% of the settlement after deduction of costs, in accordance with New York practices. Given the standard figures for attorney's fees as described in the case law, the complexity of this case, the extensive work performed by counsel, and the consistency with the retainer agreement, the Court finds this

4

amount appropriate and reasonable under New York law. The proposed settlement is therefore approved with regard to attorney's fees, in accordance with the orders below.

On the matter of costs, however, a more searching inquiry is necessary. Plaintiffs' counsel has requested total costs amounting to over 16% of the total settlement. This figure is particularly large in both magnitude and in proportion, and requires further consideration by the Court. Therefore, Magistrate Judge Go shall issue a report and recommendation regarding the reasonableness and propriety of the requested costs. Otherwise, so that disbursement of funds to the plaintiffs and approved fees is not delayed, the Court hereby approves the settlement as set forth below.

NOW, THEREFORE, it is hereby

ORDERED, that the guardians are hereby authorized and empowered to settle this action against the City of New York and the Administration for Children's Services in the amounts described in the papers submitted, and to execute a General Release to the defendants conditioned upon the payment of said amount in accordance with this Order and to sign all papers necessary in that connection; and it is further

ORDERED, that the settlement funds be paid in their entirety as set forth herein; and it is further

ORDERED, that the settlement funds, less approved fees and costs, shall be paid to the plaintiffs directly or to the structured settlement funds or special needs trusts to be established; and it is further

ORDERED, that the amount of attorneys' fees as requested be disbursed to plaintiffs' counsel; and it is further

5

ORDERED, that because plaintiffs' counsel has waived its claim to advance costs for future litigation expenses as a cost and disbursement payable from the settlement, two-thirds of that amount should be distributed to the plaintiffs *pro rata* in the approved proportion and one-third of that amount paid to counsel as fee; and it is further

ORDERED, that the amount of the remaining costs sought by plaintiffs' counsel is hereby referred to Magistrate Judge Go for report and recommendation and that remaining amount allocated to disbursements shall be held by plaintiffs' counsel in escrow pending approval of the amount of costs by the Court; and it is further

ORDERED, that any amount of the costs requested that are disallowed will be distributed two-thirds to the plaintiffs *pro rata* in the approved proportion and one-third to plaintiffs' counsel for attorneys' fees; and it is further

ORDERED, that plaintiffs' counsel must file a letter proposing how remitted future costs and disallowed costs should be specifically administered as to each plaintiff; and it is further

ORDERED, that the filing of a bond be dispensed with in accordance with N.Y. C.P.L.R. § 1210(c).

s/ ENV

_____
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
        December 18, 2012

6