United States District Court
Eastern District of New York

**MINUTE ORDER**
**09cv1777 (ENV)(MDG) S.W., et al. v. City of New York, et al.,**

This order summarizes and supplements rulings made on the record at a conference held on August 6, 2013 granting in part and denying in part the Agency defendants' letter motion dated July 11, 2013 [449] to compel and for sanctions relating to the plaintiffs' production of electronically stored information ("ESI"). Defendants sought: 1) to compel plaintiffs to supplement their production of ESI and interrogatory responses; 2) to hold depositions of eight of the ten plaintiffs open until after the supplemental production; 3) to adjourn production of all expert reports until after the supplemental production; 4) an adverse inference instruction concerning spoliation by T.L. of his autobiographical writings; and 5) attorneys' fees and costs incurred with respect to the motion.

At a conference held on July 24, 2013, the Court directed defendants to provide the Court with highlighted transcripts of the update depositions of plaintiffs J.B., T.G., T.L., and J.L. and plaintiffs to describe the volume of their most recent production of ESI. After review of the submissions and familiarity with prior proceedings, the motion is denied in part and granted in part only to the following extent:

1. Plaintiffs' counsel must describe in a declaration the

efforts that they have made to retrieve plaintiffs' email and social media account usernames and passwords, and particularly, what they did with respect to the methods suggested by defendants in their July 11, 2013 submission (ct. doc. 449-4).  The parties must confer regarding any further methods to retrieve such information, including the service of subpoenas on the account providers.  Counsel for plaintiffs are directed to promptly make further efforts to obtain access information, including contacting the entities providing email and social media accounts to request information for accessing any accounts from which plaintiffs have not produced any information.

2.  Plaintiffs must supplement their production of ESI material by 8/16/13, including information from accounts which plaintiffs testified they are actively using contrary to their interrogatory responses which stated that such accounts were inaccessible.  In addition, plaintiff TG must produce the autobiographical material she described in her deposition testimony.

3.  Defendants' application to hold open certain plaintiffs' depositions and adjourn expert reports is denied without prejudice to a further application after plaintiffs' supplemental production.

4.  Defendants' request for an adverse inference instruction as a sanction for spoliation by T.L. is denied.  An adverse

inference instruction is an extreme sanction that should not be given lightly. <u>Williams v. N.Y.C. Transit Auth.</u>, 2011 WL 5024280, at *11 (E.D.N.Y. 2011); <u>R.F.M.A.S., Inc. v. So</u>, 271 F.R.D. 13, 52 (S.D.N.Y. 2010). Defendants have not made a showing sufficient to warrant the relief requested under Second Circuit law. A party seeking a sanction for spoliation of evidence must establish "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed 'with a culpable state of mind;' and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." <u>Residential Funding Corp. v. DeGeorge Fin. Corp.</u>, 306 F.3d 99, 107 (2d Cir. 2002); <u>see Fujitsu Ltd. v. Federal Express Corp.</u>, 247 F.3d 423, 436 (2d Cir. 2001). Defendants failed to discuss the pertinent factors in their motion. First, defendants have not established that plaintiff T.L. destroyed his writings with a culpable state of mind. Based on a review of the transcript of T.L.'s deposition, it is not clear whether T.L. understood that his attempt to "put [his] thoughts on paper" would have been within his obligation to preserve. <u>See</u> <u>Hamilton v. Mt. Sinai Hosp.</u>, 528 F. Supp.2d 431, 444 (S.D.N.Y. 2007) (finding no culpable state of mind where destroyed handwritten notes had been put into typewritten form).

In any event, defendants have not demonstrated that the autobiographical writings allegedly destroyed by T.L. would have been favorable to their case. "Where a party destroys evidence in bad faith, that bad faith alone is sufficient circumstantial evidence from which a reasonable fact finder could conclude that the missing evidence was unfavorable to that party." Residential Funding, 306 F.3d at 109. When a party was merely negligent however, the moving party must submit extrinsic evidence sufficient to infer that the missing documents would have been favorable to it. Id. Defendants have not established the content of the destroyed material or that it is not otherwise available. Defendants elicited only a general description of the material at T.L.'s deposition which is amenable to almost any interpretation. Even assuming there was something of substance to preserve, the missing documents are as likely to be favorable to plaintiff's case as unfavorable. Moreover, given that plaintiff T.L. has already produced approximately 1,500 pages from his email accounts, approximately 55 pages from his Twitter account and over 250 pages from his Facebook account, it is unlikely that his writings would have contained any non-cumulative relevant material.

    5. Plaintiffs are reminded that they must preserve any electronically stored data that may be relevant to their claims for damages. Counsel must regularly remind their clients of

their obligation to preserve relevant information, including preservation of ESI, and what measures are necessary to do so.

    6. Defendants' request for attorneys' fees is denied. To the extent there are discrepancies between the plaintiffs' interrogatory responses and their deposition testimonies regarding their ability to access accounts containing ESI, there has been no showing that counsel conferred regarding a supplemental production prior to filing the instant motion.

    **SO ORDERED.**

Dated:    Brooklyn, New York
           August 8, 2013

                                    /s/_____
                                    MARILYN D. GO
                                    UNITED STATES MAGISTRATE JUDGE