UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
S.W., et al.,

                              Plaintiffs,

        -against-

CITY OF NEW YORK, et al.,

                              Defendants.
------------------------------------------------------------x

**MEMORANDUM & ORDER**

09-CV-1777 (ENV)(MDG)

VITALIANO, D.J.

      By motion, dated October 2, 2014, pursuant to Rules 41(a)(2) and (c), defendants/third-party plaintiffs SCO Family of Services, Inc., Heartshare Human Services, and Saint Joseph's Services for Children (collectively, the "Agency defendants") sought an order directing the involuntary dismissal of this action against third-party defendant Ishmatee Nagassar, who has appeared and has filed cross-claims against various of her co-third-party defendants. The Agency defendants also maintain that third-party defendants Edwin Gould and Thelma Bowes have authorized them to request that their cross-claims against Nagassar be dismissed pursuant to Rules 41(a)(2) and (c), and that Nagassar's cross-claims against them be dismissed pursuant to Rules 41(b) and (c).

      The Agency Defendants maintain that they "have been able to stipulate with all other affected parties," but, "despite diligent efforts . . . have been unable to contact . . . Nagassar, who appeared *pro se* and who was deposed but whose

1

whereabouts are currently unknown." (Mot., ECF No. 495, at 1). The Agency defendants have attempted to reach Nagassar through USPS certified mail and Federal Express mail, to have her sign a stipulation of voluntary dismissal, but both items of correspondence were returned as undeliverable. (*Id.*). The Agency defendants also attempted calling Nagassar's husband, Barney Tirbany, but the phone number, obtained from public records, proved to be out of service. (*Id.* at 1).

Dismissal of a party or a claim under Rules 41(a)(2) or (c) will be allowed only if the dismissal will not prejudice the party whose consent to dismiss has not been obtained. *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 283 (2d Cir. 1996). In deciding a Rule 41(a)(2) motion, district courts must consider the following factors: the movant's diligence in bringing the motion; any "undue vexatiousness" on the movant's part; the extent to which the suit has progressed, including the non-moving party's effort and expense in preparation for trial; the duplicative expenses of relitigation; and the adequacy of the movant's explanation for the need to dismiss. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

Considering these factors, dismissal without prejudice, as sought by the Agency defendants, is plainly appropriate. The Agency defendants' diligence in attempting to contact Nagassar, the lack of any "undue vexatiousness" on their part, the progress made in this suit among the protagonists, and Nagassar's lack of expenses and negligible participation in the case all strongly militate in favor of dismissal of all claims as they relate to her. The Agency defendants seek merely, as they claim, to "limit the scope of litigation in the main action," and "streamline[]

what remains of the case." (Mot., ECF No. 495, at 2).

On this point, it bears noting that this action was commenced in April 2009, and, after a long and protracted motion practice and compromise, the only practical claims remaining are cross-claims between the Agency defendants, on the one hand, and the City of New York, on the other, for alleged breach of contract and for contribution. In the wake of the Court's authorizing the parties to settle, (Mem. & Order, ECF No. 493), the Agency defendants have successfully stipulated for the voluntary dismissal of all outstanding claims, that is, claims with virtually all parties except the City and Nagassar. (*See* Stipulations of Dismissal, ECF Nos. 494 & 495-1). The inability to locate Nagassar, however, threatens to derail complete resolution of the litigation. It need not and should not.

## Conclusion

For the foregoing reasons, pursuant to Rules 41(a)(2) and (c), the Agency defendant's claims, as well as Gould and Bowes's cross-claims, against Nagassar are dismissed without prejudice. Nagassar's cross-claims against Gould and Bowes's are similarly dismissed without prejudice, pursuant to Rules 41(b) and (c) for failure to prosecute.

SO ORDERED.

Dated: Brooklyn, New York
December 28, 2014

/s/ USDJ VITALIANO
———————————————
ERIC N. VITALIANO
United States District Judge

3